**UNITED STATES of America,**
**Appellant,**

v.

**John C. JOHNSON and Lillian F. Johnson,**
**Appellees.**

**No. 23911.**

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Solomon L. Warhaftig, Ira M. Langer, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellant, J. O. Sentell, Asst. U. S. Atty., of counsel.

Robert D. Thorington, Henry B. Hardegree, Montgomery, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellee-taxpayer John C. Johnson[1] was a civil service employee of the United States Bureau of Public Roads, Department of Commerce. In 1960 he was assigned to Iran for two years to work on the highway construction program arranged by a letter agreement between the United States and Iran. The United States had agreed to furnish necessary personnel, and had sole authority over hiring, firing and conditions of employment. Iran agreed to repay all expenses incurred by the United States from a dollar working fund set up for that purpose.[2]

---

1. Taxpayer's wife, Lillian Johnson, was joined as a party only because joint returns were filed for the calendar years in question.

2. However, this agreement did not obligate Iran to pay for the benefits appellee received while in Iran from any of the following federal laws: Performance Rating Act, Government Employees' Incentive Awards Act, Federal Employers' Pay Act, Annual and Sick Leave Act, Federal Employers' Compensation Act, Unemployment Compensation Act, Civil Service

Appellee sought to exclude from gross income for the years 1961 and 1962 the salary received by him for his services in Iran during these years and to obtain refunds of the taxes attributable to those amounts. The district court held that the salary paid appellee by United States Government check was not taxable by the United States as amounts "paid by the United States or an agency thereof" within the meaning of Section 911(a) (2) of the Internal Revenue Code of 1954.[3] We reverse.

The exact factual situation confronting us was presented to the District of Columbia Circuit in Commissioner of Internal Revenue v. Wolfe, 1966, 124 U.S. App.D.C. 45, 361 F.2d 62. We adopt the reasoning of that court and are convinced that its position is correct. The fact that the amounts expended by the United States in connection with the highway project were reimbursed by Iran did not make the United States a mere agent or paymaster flor Iran, any more than an independent contractor is acting as agent or paymaster for the other party to the contract when the contractor pays the salaries to its own employees. Taxpayer concedes that he was employed by the United States and it has been well stated that when one is "an employee of the United States, the conclusion necessarily follows that his wages were paid by the United States or an agency thereof." Erlandson v. Commissioner of Internal Revenue, 9 Cir. 1960, 277 F.2d 70, 72. The Tax Court in Mooneyhan, 1967, 47 T.C. 693, nevertheless either overlooked or chose to ignore this plain reasoning when it relied on *Erlandson* to support its refusal to follow *Wolfe*. This reasoning undermines the Tax Court's position

that the employer-employee relationship is not the important fact in this type of case. Furthermore, the Tax Court in *Mooneyhan* relied on the district court's decision in the case *sub judice* which was rendered before the *Wolfe* case was decided. Finally, the letter agreement between the United States and Iran to which the Tax Court attached so much importance did not provide that Iran would actually pay these employees, but only that it would reimburse the United States for funds paid to them. Therefore, we decline to follow the *Mooneyhan* decision, and hold that these salary payments are subject to the federal income tax.

Reversed and remanded.

Retirement Act, Federal Employers' Group Life Insurance Act and Federal Employees' Health Benefits Act.

3. That section reads, in pertinent part:
(a) General Rule.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:
\* \* \* \* \*
(2) Presence in foreign country for 17 months.—In the case of an individ-

ual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or an agency thereof) \* \* \*
26 U.S.C.A. § 911.