**Vernon L. JOHNSON and Phyllis F. Johnson**

v.

**The UNITED STATES.**

**Nos. 305-63, 63-65.**

United States Court of Claims.

Feb. 16, 1968.

E. E. Wolfe, Jr., Columbia, S. C., attorney of record, for plaintiffs.

Ira M. Langer, Silver Spring, Md., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant. Philip R. Miller, and Joseph Kovner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, SKELTON and NICHOLS, Judges.

OPINION

LARAMORE, Judge.

Plaintiff, Vernon L. Johnson,[1] a United States citizen, claims a $7,574.77 [2] refund of personal income taxes paid to the Internal Revenue Service, in the form of payroll withholding deductions, for the years 1959–63. Johnson, an employee of the Bureau of Public Roads of the United States Department of Commerce, was continuously present in Iran from March 8, 1959 through June 9, 1963 (except for a period of home leave from March 18 to June 8, 1961), performing consultant services for an Iranian highway system improvement and maintenance project.[3]

In 1956, the Bureau negotiated an agreement with the Government of Iran under which Iran obtained a loan from the Export-Import Bank of Washington and deposited the funds thereby obtained in a revolving fund (located in Washington, D. C.), to be used exclusively for the financing of United States expenditures undertaken in connection with the project.

Under the authority given it by the Mutual Security Act of 1954,[4] ch. 937, Title III, §§ 301–308, 68 Stat. 841, 842, the Bureau agreed to furnish technical personnel for assignment to Iran as technical advisors. Pursuant to a letter agreement, it was agreed that compensation paid to assigned personnel "will be paid or reimbursed out of the Dollar Working Fund" established by Iran. In addition, the agreement exempted plaintiff from Iranian taxation. During the period of plaintiff's employment, Iran drew checks against this account payable to the Bureau. The Bureau, in turn, deposited those funds with the United States Treasury Department. Payments to Bureau personnel, including plaintiff, were in the form of Treasury Department checks.

Plaintiff remained a career Civil Service employee under the supervision of other Bureau engineers. The Iranian Government had neither control of, nor supervision over, plaintiff's activities.

The narrow issue before the court is whether these payments are either excludible from plaintiff's gross income as income from sources outside of the United States, or includible in gross income because they are excepted from the general exclusion as payments by the United States or its agency.

We are concerned with section 911(a) (2) of the Internal Revenue Code of 1954 which exempts from United States taxation income from sources without the United States, earned by a United States citizen who is present in a foreign country for at least 510 days during any period of 18 consecutive months. There is no dispute that plaintiff has satisfied the residency requirements. Defendant, in the course of oral argument, conceded that Iran was the ultimate source of these funds. We conclude, however, that plaintiff was paid by an agency of the United States and the amounts received are, therefore, taxable.

Section 911(a) (2) provides:

SECTION 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.

(a) *General Rule.*—The following items shall not be included in gross income and shall be exempt from taxation * * *:

(1) * * *.

(2) *Presence in foreign country for 17 months.*—In the case of an individual citizen of the United States who

---

1. Phyllis F. Johnson is a party-plaintiff because joint returns were filed for the years 1959 through 1963.

2. The $7,574.77 was paid as follows:
   1959 ..................... $1,161.46
   1960 ..................... 1,774.20
   1961 ..................... 1,797.67
   1962 ..................... 1,760.50
   1963 ..................... 1,080.94

3. We are indebted to Commissioner William E. Day for his assistance in the preparation of his memorandum opinion and findings of fact.

4. Repealed. Act of Sept. 4, 1961, Pub.L. 87–195 § 642, 75 Stat. 460.

during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) * * *.

This precise issue was considered by the Court of Appeals for the District of Columbia in Commissioner of Internal Revenue v. Wolfe, 124 U.S.App.D.C. 45, 361 F.2d 62 (Cir. 1966), cert. denied, 385 U.S. 838, 87 S.Ct. 86, 17 L.Ed.2d 72. After examining the relevant legislative history, that court, in a clearly reasoned opinion, reversed the Tax Court and found against the taxpayer. The court concluded that Wolfe was an employee of, and paid by, the United States and that the letter agreement for reimbursement did not alter that relationship. Since the oral argument in our case, the Court of Appeals for the Fifth Circuit has decided the identical issue adversely to the taxpayers in the case before it. United States v. Johnson, 386 F.2d 824 (5th Cir. Dec. 6, 1967).

Plaintiff urges us to ignore the *Wolfe* decision and contends that his salary was paid by that entity which was the source of the funds. Iran is that source because it bore the economic burden of the payment. In our view, plaintiff confuses the source requirements with those of payment (section 911(a) (2)) by equating them. They are distinct elements. The United States was obligated to pay plaintiff his salary and plaintiff had neither a contractual relationship with, nor a right to obtain payment from, Iran.

Our concern is with the *payment* of funds, not with their source (which is admittedly Iran). The Fifth Circuit in United States v. Johnson, supra, adopted the *Wolfe* decision, and its reasoning, as the basis for denying a refund claim by a plaintiff employed by Iran under the same agreement herein involved. Payment, they found, was made by the United States.

Plaintiff relies upon, and requests that we follow, the Tax Court opinion in Louis H. Mooneyhan, 47 T.C. 693 (1967).[5] That court concluded that the United States acted merely as a paymaster for the Iranian Government under the same agreement which also employed Vernon L. Johnson. We, however, reject both their conclusion and reasoning.

Our examination of the legislative history leads us to agree with both the District of Columbia Circuit and the Fifth Circuit. Section 911(a) (2) was not designed to exempt citizens of the United States who are serving abroad but remain United States employees and are paid by the United States. The parenthetical exception of section 911(a) (2) is specifically applicable to this case.

Defendant cannot be considered a mere paymaster acting on behalf of Iran when it alone is obligated to compensate plaintiff, without regard to whether or not Iran ever prepays or reimburses defendant for its expenditures.

Iran contracted with the Bureau and it was obligated to pay the United States, but plaintiff received his salary without regard to Iran's compliance or noncompliance with that obligation. Plaintiff's salary was contingent upon satisfactory performance of his contractual employment obligation to the United States. We conclude, therefore, that for the reasons stated plaintiff is not entitled to any recovery.

5. Now on appeal to the Sixth Circuit.