**Alois T. WAGNER and Adeline E. Wagner, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–K–2065.**

United States District Court, D. Colorado.

Dec. 19, 1985.

James A. Mundt, Warren, Mundt, Martin & O'Dowd, Colorado Springs, Colo., for plaintiffs.

Janice Brown Teague, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Robert N. Miller, U.S. Atty., Denver, Colo., for the Government.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

KANE, District Judge.

The United States and Saudi Arabia executed a construction contract in accordance with the Arms Export Control Act, 22 U.S.C. § 2751 *et. seq.*, and the Engineering Assistant Agreement of 1965, which provided for the United States Army Corps of Engineers to construct various facilities in Saudi Arabia. Plaintiff Alois Wagner was employed in Saudi Arabia under this contract.[1]

Before commencement of the construction work, Saudi Arabia deposited an irrevocable letter of credit with the Chase Manhattan Bank in New York for an amount sufficient to fund the construction project. This amount included compensation for employees such as Alois Wagner.

Plaintiffs Alois and Adeline Wagner resided in the Kingdom of Saudi Arabia from 1976 to 1980. Alois Wagner was a federal civil servant employee of the Corps of Engineers with a rating of GS–12 in 1978, the subject year of this lawsuit.

Plaintiffs brought this suit against the United States, alleging that they were entitled to exclude their foreign earned income for 1978 from their gross income pursuant to 26 U.S.C. § 911. Plaintiffs claim, therefore, that they should have received a refund for the tax year 1978. This matter is now before me on cross motions for summary judgment.[2] No facts are in dispute. Hence, summary judgment is appropriate.

Plaintiffs claim that their foreign earned income for 1978 is exempt from their gross income for that year pursuant to § 911, entitling them to a $5,991.00 refund from the government. Section 911(a) provides that under certain circumstances, a citizen of the United States who resides in a foreign country may exclude from his gross income amounts received while residing outside of the United States. In 1978,[3] § 911(a)(1) provided in relevant part:

§ 911. Earned income from sources without the United States.

(a) General Rule.

The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) Bona fide resident of foreign country. In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (*except amounts paid by the United States or any agency thereof*) which constitute earned income attributable to services performed during such uninterrupted period.

26 U.S.C. § 911(a)(1) (emphasis supplied).

In *McComish v. Commissioner of Internal Revenue*, 580 F.2d 1323 (9th Cir.1978), the Ninth Circuit thoroughly analyzed the

---

1. Plaintiff Adeline Wagner was joined as a party in this action because in 1978 she signed the income tax return jointly with her husband.

2. Pursuant to Rule 402(f) of the Local Rules of Practice, plaintiffs could have applied to this court for permission to file a reply brief, responding to the government's cross motion for summary judgment. Plaintiffs failed to make a request and no reply brief was filed.

3. 26 U.S.C. § 911(a)(1) was amended in 1981. *See* Pub.L. No. 97–34, Title I, § 111(a), 95 Stat. 190 (1981).

legislative history of this section of the Internal Revenue Code and concluded that:

> The purpose of section 116(a) [the precursor of § 911(a)] was to place Americans who reside and work outside the United States in an equal taxpaying position with citizens of other foreign countries and to encourage United States citizens to go abroad to provide technical expertise.

580 F.2d 1323, 1326.

Regarding the exception to the § 911 exemption, the Ninth Circuit further concluded:

> It is also clear that the exception for employees of the United States or any agency thereof was designed to prevent United States government employees from obtaining a windfall under subsections 911(a)(1) or 911(a)(2).

580 F.2d 1323, 1326; *see also* S.Rep. No. 665, 72d Cong., 1st Sess. 31 (1932) and H.R.Rep. No. 1492, 72d Cong., 1st Sess. (1932).

In the instant case, it is undisputed that plaintiffs fall within the general exemption provided by § 911(a). Alois Wagner was a bona fide resident of Saudi Arabia for an uninterrupted period including the entire taxable year of 1978. The issue, however, is whether the exception to this general exemption applies, precluding plaintiffs' claim for a tax refund. In other words, the question to be determined is whether Alois Wagner was paid by the United States or an agency thereof for his services during that year.

■ Plaintiffs claim that neither the United States nor any of its agencies paid for Alois Wagner's services in Saudi Arabia because he was paid with pre-deposited Saudi Arabian funds.[4] It is asserted that the United States merely acted as an intermediary and bore no financial risk for the Saudi Arabian project.

The government, on the other hand, claims that Alois Wagner was, at all times during 1978, an employee of the United States and, as such, was paid by the United States; despite the fact that sums for his salary had already been paid by Saudi Arabia. The government points to several factors establishing that Alois Wagner was a United States employee in 1978. Based upon his status as a United States employee, the government asserts that it is presumed that he was paid by the United States for purposes of the exception to § 911. Accordingly, the government argues that this exception prohibits Alois Wagner from excluding his foreign earned income for 1978 and receiving a tax refund.

■ To begin with, it is clear from the following facts that Alois Wagner was employed by the United States in 1978: 1) Wagner remained a federal civil servant under the supervision of other American personnel (Defendant's Exhibit C, Alois Wagner's deposition at 7–8 and exhibit 1 of the deposition); 2) Wagner received the same health benefits as he did prior to working abroad (Defendant's Exhibit C, Alois Wagner's deposition at 7 and exhibit 1 of deposition); 3) the years spent working in Saudi Arabia contributed to Wagner's career tenure with the United States government (Defendant's Exhibit C, exhibit 1 of Alois Wagner's deposition); 4) Wagner's only contract was with the Department of the Army (Defendant's Exhibit C, exhibit 1 of Alois Wagner's deposition and Defendant's Exhibit G); 5) Wagner's salary was paid by a check drawn by the Corps of Engineers (Defendant's Exhibit F) and was contingent upon the performance of his contractual employment obligation with the United States; 6) Wagner received a 20 per cent increase over his base salary in 1978, for working abroad (Defendant's Exhibit C, Alois Wagner's deposition at 15–16 and exhibit 1 of deposition); 7) the United States provided training sessions for Wagner during his stay in Saudi Arabia (Defendant's

---

**4.** The Foreign Military Construction Sales Act, 22 U.S.C. § 2769, mandates advance payment for work to be performed by United States employees. Wagner's claim that he was hired and paid pursuant to this section further demonstrates that he was an employee of the United States or one of its agencies.

Exhibit C at 5 and at 12); 8) new assignments for Wagner were made by the United States employing office (Defendant's Exhibit C at 9–10); and 9) the transportation agreement signed by Alois Wagner and dated October 27, 1975 (Defendant's Exhibit C, Alois Wagner's deposition, Exhibit 1), expressly states, "I will remain in the employ of the Federal Government at the overseas post of duty to which I am assigned or reassigned for a minimum period of 24 months". All of these factors establish that Alois Wagner was an employee of the United States during 1978.

■ As an employee of the United States, it is presumed that he was paid by the United States or one of its agencies. *See United States v. Johnson,* 386 F.2d 824, 825 (5th Cir.1967) (when one is an employee of the United States, the conclusion necessarily follows that his wages were paid by the United States or an agency thereof). Under existing caselaw, it is inconsequential whether the funds used to compensate the employee have already been provided by a private entity or a foreign government. For example, in *Smith v. Commissioner of Internal Revenue,* 701 F.2d 807 (9th Cir.1983), the taxpayer attempted to exclude overtime pay received while he was a customs inspector in the Bahamas from his gross income. The taxpayer argued that the United States was a mere conduit for funds paid to him by the private airlines. The Ninth Circuit concluded otherwise: "Smith was compensated at all times as an employee of the United States, so that all of his income came within the ambit of funds which Congress indicated were to be taxed." *Smith,* 701 F.2d 807, 809.

Further, in a case nearly on point with the one at bar, *Johnson,* 386 F.2d 824, the taxpayer, a civil service employee of the United States Bureau of Public Roads, was assigned to Iran for two years to work on a highway construction program. The taxpayer sought to exclude his salary from gross income for those two years. The Fifth Circuit held that "[t]he fact that the amounts expended for the highway project were reimbursed by Iran did not make the United States a mere agent or paymaster for Iran". *Johnson,* 386 F.2d 824, 825. Other courts have stated that when United States employees are performing services for a foreign government, they are not entitled to exclude income under § 911(a) even though the ultimate source of the funds received is foreign. *Commissioner of Internal Revenue v. Mooneyhan,* 404 F.2d 522, 527 (6th Cir.1968); *Johnson v. United States,* 182 Ct.Cl. 593, 390 F.2d 715, 717 (Ct.Cl.1968); *Commissioner of Internal Revenue v. Wolfe,* 361 F.2d 62, 67 (D.C.Cir.1966), *cert. denied* 385 U.S. 838, 87 S.Ct. 86, 17 L.Ed.2d 72 (1966).

Moreover, as previously stated, the purpose for the exception to the § 911 exemption was to prevent United States employees from receiving a double tax benefit. It is undisputed that plaintiffs did not pay any taxes for 1978 to the Saudi Arabian government. If I were to rule that the plaintiffs were able to exclude their foreign earned income for that year, the legislative intent of § 911(a)(1) would be defeated.

For these reasons, I conclude that Wagner was indeed paid by the United States for purposes of the exception to § 911(a)(1). Alois Wagner is not entitled to a tax refund for 1978 under § 911. Accordingly, this case is dismissed.

IT IS THEREFORE ORDERED THAT;

1. Plaintiffs' motion for summary judgment is denied.

2. Defendant's cross motion for summary judgment is granted.

3. This case is dismissed with prejudice. Each party shall bear his own costs.