This Rule shall become effective immediately.

Hunter B. DAVIDSON, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 86–12–VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

July 21, 1987.

Hunter B. Davidson, pro se.

Tracy S. Davidson, pro se.

Michael J. King, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## ORDER

OWENS, Chief Judge.

The defendant, United States of America, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure has filed a motion for summary judgment in the above-captioned case. In that motion, the defendant seeks this court to grant a judgment in its favor as to all issues raised in plaintiffs' complaint. Plaintiffs have been given an opportunity to respond to the government's motion, but have declined to do so. The government's motion, therefore, is ready for decision.

Pursuant to Rule 56(c), a court must grant summary judgment "if there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that summary judgment is not a "disfavored procedural short-cut, but rather ... an intergral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." 106 S.Ct. at 2555 (citations omitted). Under Rule 56(c), the moving party bears the initial responsibility of "showing" that there are no genuine issues of material fact. If the movant meets this burden, the non-moving party must offer evidentiary materials to establish the actual existence of material facts. 106 S.Ct. at 2554. He may not, however, "rest upon the mere allegations of denials of his pleading[s]." *See* Fed.R. Civ.P. 56(e). If the non-moving party does not designate specific facts showing there is a genuine issue for trial "summary judgment shall be entered against him." Fed. R.Civ.P. 56(e). With this standard in mind, the court must proceed to decide the merits of the government's motion.

### Undisputed Facts

On or about July 28, 1982, the plaintiffs filed an amended 1979 income tax return claiming a refund of $5,139.00. This refund was claimed to be owed plaintiffs as a result of their including certain amounts of income earned abroad that were, in fact, properly excludable. On January 30, 1984, the Internal Revenue Service denied plaintiffs' claim for a refund. The reason given by the Internal Revenue Service for disallowing plaintiffs' claim was that the income exclusion benefits of 26 U.S.C. § 911 were not available to employees of the United States. Plaintiffs subsequently brought this action to appeal the decision of the Internal Revenue Service that disallowed their claim for a refund.

During the tax year of 1979, Mr. Davidson was an employee of the United States Army Corps of Engineers. *See* Plaintiffs' Response to Request for Admission No. 1. During that year, Mr. Davidson received $32,204.96 in wages from the United States Army Corps of Engineers. *See* Plaintiffs' Response to Request for Admission No. 2 and Government's Exhibit A. These payments were made directly from the United States Army Corps of Engineers to Mr. Davidson. *See* Plaintiffs' Response to Request for Admission No. 3. Mr. Davidson was working in the Kingdom of Saudi Arabia pursuant to the "Engineering Assistance Agreement," which had been entered into by the Kingdom of Saudi Arabia and

the United States Army Corps of Engineers. *See* Government's Exhibit B. Mr. Davidson, however, had no independent agreement with the Kingdom of Saudi Arabia concerning his employment status. *See* Plaintiffs' Response to Request for Admission No. 5. The government of the Kingdom of Saudi Arabia had no authority to either promote or terminate Mr. Davidson from his position with the United States Army Corps of Engineers. *See* Plaintiffs' Response to Request for Admission Nos. 7 and 8. While working in Saudi Arabia, Mr. Davidson participated in the Federal Employee Retirement Program, and the group life and health insurance programs provided by the United States government. *See* Plaintiffs' Response to Request for Admissions Nos. 9 and 10. Finally, Mr. Davidson paid no income tax to the government of the Kingdom of Saudi Arabia while he was in that country. *See* Plaintiffs' Response to Request for Admission No. 11.

### Applicable Law

In 1979,[1] 26 U.S.C. § 911(a)(1) provided in relevant part:

Earned income from sources without the United States.

(a) General rule.

The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) Bona fide residence of foreign country. In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (*except amounts paid by the United States or any agency thereof*) which constitute earned income attributable to services performed during such uninterrupted period.

26 U.S.C. § 911(a)(1) (emphasis supplied). Mr. Davidson contends that under the ar-

rangement between the United States government and the Kingdom of Saudi Arabia, the United States government or an agency thereof was not the source of his income since the Kingdom of Saudi Arabia was ultimately responsible for all salaries paid by the Army Corps of Engineers. A review of the relevant case law, however, does not support plaintiffs' position.

It appears that there has already been extensive litigation on this issue in the past. Based upon this case law and the undisputed facts of record, the court is absolutely convinced that Mr. Davidson's income, while in Saudi Arabia, was paid by the United States government or a United States government agency or instrumentality. *See United States v. Johnson,* 386 F.2d 824 (5th Cir.1967); *Commissioner v. Mooneyhan,* 404 F.2d 522 (6th Cir.1968), *cert. denied,* 394 U.S. 1001, 89 S.Ct. 1593, 22 L.Ed.2d 778 (1969); *Johnson v. United States,* 182 Ct.Cl. 593, 390 F.2d 715 (1968) and *Commissioner of Internal Revenue v. Wolfe,* 361 F.2d 62 (D.C.Cir.), *cert. denied,* 385 U.S. 838, 87 S.Ct. 86, 17 L.Ed.2d 72 (1966). These cases make clear that where the United States has the primary obligation to pay the taxpayer's salary, regardless of whether that taxpayer's salary will be ultimately reimbursed by a foreign government, the provisions of § 911(a) do not apply.

Accordingly, the court finds that plaintiffs are not entitled to exclude from their gross income any amounts earned while working in the Kingdom of Saudi Arabia as an employee of the United States Army Corps of Engineers. Summary judgment is, therefore, GRANTED for the defendants.

---

**1.** 26 U.S.C. § 911(a)(1) was amended in 1981. *See* Pub.L. No. 97–34, Title I, § 111(a), 95 Stat. 190 (1981).