842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph N. SOBOLESKI; Margaret J. Soboleski, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 87-3112.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided March 23, 1988.
 
 James Alan Harris (Frank J. Costello; Evan M. Migdai; Zuckert, Scoutt & Rasenberger, on brief), for appellants.
 Mary Frances Clark, Tax Division, Department of Justice (William S. Rose, Jr., Acting Assistant Attorney General; Gary R. Allen; Jonathan S. Cohen, on brief), for appellee.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal concerns the eligibility of Joseph and Margaret Soboleski for the foreign earned income exclusion of I.R.C. Sec. 911 during the tax years 1980 and 1981. The Soboleskis appeal from the United States Tax Court's decision that they are not entitled to this exclusion. We affirm.
 
 
 2
 As the facts of this case are set out in detail in the Tax Court's opinion, Soboleski v. Commissioner, 88 T.C. 1024 (1987), we only summarize them here. During 1980 and part of 1981, Joseph Soboleski worked in Saudi Arabia as an employee of the United States Army Corps of Engineers. He was assigned to supervise certain projects at a naval base at Ras al Mish'ab. He received the basic benefits granted to federal employees as well as certain special benefits for federal employees assigned to overseas posts. The Corps' payroll center paid Soboleski's salary each month in U.S. dollars by means of U.S. Treasury checks, although the project on which Soboleski worked was funded in advance by the Kingdom of Saudi Arabia. Soboleski's employment could have been terminated only by the Corps, not by Saudi Arabia.
 
 
 3
 On their joint federal income tax returns for 1980 and 1981, the Soboleskis excluded from income $19,000 and $7,788, respectively, pursuant to I.R.C. Sec. 911. At that time, section 911 permitted certain U.S. citizens to exclude from gross income "amounts received from sources within a foreign country or countries," unless those amounts were "paid by the United States or any agency thereof."* The Internal Revenue Service disallowed the Soboleskis' exclusion and assessed a deficiency for both 1980 and 1981.
 
 
 4
 The Soboleskis petitioned the Tax Court to redetermine the deficiencies. The Tax Court found that Soboleski's salary payments constituted amounts paid by an agency of the U.S. government. The Tax Court therefore concluded that these payments were not excludable under section 911(a). We agree and affirm the judgment for the reasons stated in the Tax Court's opinion. Soboleski v. Commissioner, 88 T.C. 1024 (1987). We note that this conclusion is in accord with that reached by every other federal court that has addressed this question. See Smith v. Commissioner, 701 F.2d 807, 808-09 (9th Cir.1983); Commissioner v. Mooneyhan, 404 F.2d 522, 525-27 (6th Cir.1968); United States v. Johnson, 386 F.2d 824, 825 (5th Cir.1967); Commissioner v. Wolfe, 361 F.2d 62, 63-67 (D.C.Cir.1966); Wagner v. United States, 628 F.Supp. 1184, 1185-87 (D.Colo.1985); Johnson v. United States, 390 F.2d 715, 716-17 (Ct.Cl.1968).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Section 911 was amended in 1981 and now provides that foreign earned income does not qualify for the exclusion if it is "paid by the United States or an agency thereof to an employee of the United States or an agency thereof." I.R.C. Sec. 911(b)(1)(B)(ii)